UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. FRUITS, | No. 2:16-cv-1204 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| SHASTA COUNTY SHERIFF, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, and former Shasta County Jail inmate, proceeding without counsel. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated to make monthly

payments of twenty percent of the preceding month's income credited to plaintiff's trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. Screening Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what

the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Twombly, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673

F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

III. Discussion

    A. Defendants

Plaintiff names the Sheriff of Shasta County, and Deputy Sheriff "Does 1-5" as defendants ("deputy defendants"). However, plaintiff's allegations against the sheriff are based on his role as supervisor. Plaintiff alleges no facts demonstrating the sheriff was involved or linked in the incidents alleged. Supervisorial responsibility, without more, is insufficient.

As to the doe defendants, plaintiff is informed that the court is unable to order service of process without the names of specific defendants. "As a general rule, the use of "John Doe" to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642). However, plaintiff must identify at least one individual by name because the U.S. Marshal cannot accomplish service of process without a name and address for the individual.

    B. Multiple, Unrelated Incidents

Plaintiff includes allegations concerning multiple, unrelated incidents that occurred at the Shasta County Jail:

First, plaintiff claims he was physically attacked by two inmates in October of 2013. Plaintiff alleges he was punched, slammed into the concrete, and was bleeding profusely from his injuries, and became unconscious. When plaintiff approached the deputy supervising the module and asked for immediate medical attention, plaintiff alleges that the deputy told plaintiff to go back to his cell immediately, that plaintiff "looked okay to [him]." (ECF No. 1 at 5.) Plaintiff claims he made another attempt to receive medical attention, but that "the deputy" gave plaintiff a negative response. (ECF No. 1 at 5.) The next day, plaintiff was attacked by five inmates, and

1  suffered injuries so severe that he had to be taken to the hospital.  Plaintiff was physically
2  examined, received an MRI, and was diagnosed as having a concussion.
3        Second, plaintiff claims that in February of 2014, the deputy on duty brought an inmate
4  into plaintiff's cell, and the inmate attacked plaintiff, breaking his nose and giving him another
5  concussion.  Plaintiff was taken to medical, where he claims the doctor informed plaintiff that the
6  doctor was not going to provide assistance for plaintiff's broken nose.  Plaintiff told the doctor
7  that he needed to be taken to the hospital because he was unable to breathe through his nose, but
8  the doctor allegedly refused.
9        Third, plaintiff claims that for an entire day, inmates in the module were allowed to throw
10  feces at plaintiff while he was in his cell, but he was not allowed to wash the feces off.
11        Plaintiff is advised that he may not pursue unrelated claims in one lawsuit.  Plaintiff may
12  join multiple claims if they are all against a single defendant.  Fed. R. Civ. P. 18(a).  If plaintiff
13  has more than one claim based upon separate transactions or occurrences, the claims must be set
14  forth in separate paragraphs.  Fed. R. Civ. P. 10(b).  Unrelated claims against different defendants
15  must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.'  Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2.  Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.  28 U.S.C. § 1915(g).

23  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of
24  defendants not permitted unless both commonality and same transaction requirements are
25  satisfied).
26        Here, the first and third attacks took place four months apart.  Although plaintiff was
27  attacked by inmates, he alleges no facts demonstrating that the same individual deputies were
28  involved in both incidents.  Rather, it appears these incidents are wholly unrelated and must be

1  pursued in separate lawsuits.  As to the third incident, plaintiff fails to identify when the incident

2  took place, but it is wholly unrelated to the physical attacks and therefore must be pursued in a

3  separate lawsuit.

4        C.  Substantive Claims

5            i.  Failure to Protect

6      Pretrial detainees are protected from conditions of confinement which amount to

7  punishment.  Bell v. Wolfish, 441 U.S. 520, 535-36 (1979); Simmons v. Navajo County, Ariz.,

8  609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232,

9  1244 (9th Cir. 2010).  While pretrial detainees' rights are protected under the Due Process Clause

10  of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has

11  long been used to analyze pretrial detainees' conditions of confinement claims.  Simmons, 609

12  F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.

13  1998).  Thus, whether plaintiff was a pretrial detainee in 2013 or 2014 or a convicted prisoner, the

14  applicable standard is the same.

15      The Eighth Amendment's prohibition against cruel and unusual punishment protects

16  prisoners not only from inhumane methods of punishment but also from inhumane conditions of

17  confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v.

18  Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981))

19  (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive

20  and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465

21  F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which

22  are devoid of legitimate penological purpose or contrary to evolving standards of decency that

23  mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at

24  1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes,

25  452 U.S. at 346.

26      Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

27  clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th

28  Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains

1  while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks

2  omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials

3  were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer,

4  511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels,

5  554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Hearns v. Terhune, 413 F.3d

6  1036, 1040 (9th Cir. 2005); Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th

7  Cir. 1998).

8  Here, plaintiff fails to allege sufficient facts to demonstrate that each defendant deputy

9  was deliberately indifferent to a substantial risk of harm to plaintiff's safety.  Plaintiff fails to link

10  each defendant deputy to actions or omissions that suggest each possessed the requisite subjective

11  intent that plaintiff's safety was at risk.  A defendant may be held liable only if the defendant

12  knew plaintiff faced a substantial risk of harm and disregarded that risk by failing to take

13  reasonable measures to abate it.  Farmer, 511 U.S. at 837-45.  Mere negligence on the part of a

14  defendant is not sufficient to establish liability; rather, the conduct must have been wanton.

15  Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.  Thus, as currently pled, plaintiff fails to state

16  cognizable failure to protect claims against the defendants.

17        ii.  Medical Treatment

18  A pre-trial detainee's claim for deliberate indifference to medical needs derives from the

19  due process clause rather than the Eighth Amendment's protection against cruel and unusual

20  punishment.  Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Bell

21  v. Wolfish, 441 U.S. 520, 535 (1979)).  However, "the due process clause imposes, at a

22  minimum, the same duty the Eighth Amendment imposes."  Gibson, 290 F.3d at 1187.  "[T]o

23  maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show

24  deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir.

25  2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)).  This requires plaintiff to show (1) "a

26  serious medical need by demonstrating that failure to treat a prisoner's condition could result in

27  further significant injury or the unnecessary and wanton infliction of pain," and (2) "the

28  defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096 (quoting

McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)).

Here, plaintiff fails to allege sufficient facts to state an Eighth Amendment medical claim against all of the defendants. With regard to the first incident, it is unclear where plaintiff was when he was attacked, whether the supervising deputy witnessed the attack, and whether it was the supervising deputy that plaintiff contacted the second time, or whether that was a different deputy. (ECF No. 1 at 5.) Moreover, because plaintiff received medical care the following day, it is unclear whether the first deputy's alleged failure to act rises to the level of deliberate indifference, or whether it was mere negligence. Depending on the delay between the first attack and the time he was moved to another module the following day, plaintiff may be able to state a cognizable claim against the supervising deputy. Plaintiff is granted leave to amend to allege additional facts to support his claim as to the first incident.

It appears that plaintiff was appropriately treated following the second attack.

It is unclear whether plaintiff can state a cognizable Eighth Amendment claim as to medical care following the February 2014 attack. Rather, it appears that plaintiff had a difference of opinion as to the type of medical care he required for his broken nose. He states that he needed to go to the hospital because he could not breathe through his nose; however, the doctor stated that no treatment for his broken nose was required. It is common knowledge that a broken nose cannot be casted; often, a broken nose is packed with gauze such that the patient could not breathe through the nose. Rather, the patient is required to breathe through the mouth until the nose heals. Thus, plaintiff's claims concerning his medical treatment following the February 2014 attack fail to state a claim.

IV.  Leave to Amend

The court finds the allegations in plaintiff's complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. The court has determined that the complaint does not contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones

v. Cmty. Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to file an amended complaint.

Because the first and second inmate attacks occurred in 2013, plaintiff should amend the complaint to pursue those claims in this action, and should pursue his claims from the second and third incidents in new actions.  The Clerk of the Court is directed to send plaintiff three civil rights forms.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights.  Rizzo, 423 U.S. at 371.  Also, the complaint must allege in specific terms how each named defendant is involved.  Id.  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation.  Id.; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Duffy, 588 F.2d at 743.  Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient.  Ivey, 673 F.2d at 268.

In an amended complaint, plaintiff may join multiple claims only if they are all against a single defendant.  Fed. R. Civ. P. 18(a).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his complaint and give plaintiff an opportunity to cure them.  See Lopez v. Smith, 203 F.3d at 1130-31.  While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  Ashcroft v. Iqbal, 556 U.S. at 678 (2009) (citing Twombly, 550 U.S. at 555).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility

9

> standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

The Prison Reform Litigation Act of 1995 ("PLRA") enacted 42 U.S.C. § 1997e(a), provides, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Id. The requirement is mandatory. Booth v. Churner, 532 U.S. 731, 741 (2001). California prisoners or parolees may appeal "departmental policies, decisions, actions, conditions, or omissions that have a material adverse effect on the[ir] welfare. . . ." Cal. Code Regs. tit. 15, §§ 3084.1, et seq. In order to exhaust administrative remedies at the Shasta County Jail, an inmate must proceed through the levels of review required by the County Jail. See Wimberly v. County of Sacramento, 2008 WL 5234729, *1 (E.D. Cal. Dec. 16, 2008).

Finally, plaintiff is cautioned that failure to comply with this court's order may result in the imposition of sanctions, including a recommendation that the action be dismissed.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C.

1 § 1915(b)(1).  All fees shall be collected and paid in accordance with this court's order to the
2 Director of the California Department of Corrections and Rehabilitation filed concurrently
3 herewith.
4      3.  Plaintiff's complaint is dismissed.
5      4.  Within thirty days from the date of this order, plaintiff shall complete the attached
6 Notice of Amendment and submit the following documents to the court:
7         a.  The completed Notice of Amendment; and
8         b.  An original and one copy of the Amended Complaint.
9 Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
10 Federal Rules of Civil Procedure, and the Local Rules of Practice.  The amended complaint must
11 also bear the docket number assigned to this case and must be labeled "Amended Complaint."
12 Failure to file an amended complaint in accordance with this order may result in the dismissal of
13 this action.
14      5.  The Clerk of the Court is directed to send plaintiff three prisoner civil rights complaint
15 forms.
16 Dated:  June 28, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/frui1204.14n

1
2
3
4
5
6
7
8                          UNITED STATES DISTRICT COURT
9                       FOR THE EASTERN DISTRICT OF CALIFORNIA
10

11  | JOHN P. FRUITS,                      | No. 2:16-cv-1204 MCE KJN P
12  |        Plaintiff,                    |
13  |    v.                                | NOTICE OF AMENDMENT
14  | SHASTA COUNTY SHERIFF, et al.,       |
15  |        Defendants.                   |
16

17        Plaintiff hereby submits the following document in compliance with the court's order
18  filed_____.
19            _____         Amended Complaint
    DATED:
20
21                                          _____
                                            Plaintiff
22
23
24
25
26
27
28