UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. FRUITS,<br><br>    Plaintiff,<br><br>    v.<br><br>SHASTA COUNTY SHERIFF, et al.,<br><br>    Defendants. | No. 2:16-cv-1204 MCE KJN P<br><br><br><br>ORDER |

I. Introduction

    Plaintiff is a state prisoner, and former Shasta County Jail inmate, proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983, and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). Plaintiff's amended complaint is before the court.

II. Screening Standards

    As plaintiff was advised in the court's prior order, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint the prisoner raised claims that are legally "frivolous or malicious," that fail to state a claim, or that seek monetary relief from a defendant who is immune. 28 U.S.C. § 1915A(b)(1),(2).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Department of Social Servs., 436 U.S. 658 (1978) ("Congress did not intend § 1983 liability to attach where . . . causation [is] absent."); Rizzo v. Goode, 423 U.S. 362 (1976) (no affirmative link between the incidents of police misconduct and the adoption of any plan or policy demonstrating their authorization or approval of such misconduct). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979) (no liability where there is no allegation of personal participation); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978) (no liability where there is no evidence of personal participation), cert. denied, 442 U.S. 941 (1979). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982) (complaint devoid of specific factual allegations of personal participation is insufficient).

III. Discussion

Plaintiff's amended complaint suffers from the same defects articulated in the court's prior order. (ECF No. 12.)

////

A.  <u>Defendants</u>

Plaintiff names Shasta County Deputy Sheriffs "Does 1-5" as defendants in the caption and defendants' section of his pleading. However, plaintiff fails to distinguish the John Does by number as to the charging allegations in the pleading. Thus, the court is unable to determine whether any of the deputies are the same, or whether each allegation involved a different deputy. Moreover, because plaintiff apparently does not know the identity of any of these deputies, his pleading must make very clear the date and actions of each deputy to facilitate the discovery of the appropriate deputy's identity.[1] Plaintiff is reminded that the court is unable to order service of process without the names of specific defendants. "As a general rule, the use of "John Doe" to identify a defendant is not favored." <u>Gillespie v. Civiletti</u>, 629 F.2d 637, 642 (9th Cir. 1980). The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. <u>Wakefield v. Thompson</u>, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing <u>Gillespie</u>, 629 F.2d at 642). However, plaintiff must identify at least one individual by name because the U.S. Marshal cannot accomplish service of process without a name and address for the individual.[2]

B.  <u>Multiple, Unrelated Incidents</u>

Although plaintiff removed his Eighth Amendment medical claims, including his claim that his nose was improperly treated, plaintiff again raises claims as to three distinct and separate incidents: an alleged failure to protect incident in October of 2013 (inmate attack); an alleged failure to protect incident in February 2014 (inmate attack); and an undated incident in which plaintiff alleges defendants allowed other inmates to throw feces on plaintiff in his cell, but would not permit plaintiff to wash off the feces.

---

[1] For example, plaintiff could identify the first deputy as: "Plaintiff made contact with 'John Doe 1,' the deputy supervising the module on [date] . . . ."

[2] Plaintiff may be able to obtain some of this information from his administrative appeals, from his medical records, or from other documents if he was called to testify at disciplinary proceedings resulting from the inmate attacks.

Plaintiff may not pursue unrelated claims in one lawsuit. Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Unrelated claims against different defendants must be pursued in multiple lawsuits.

> The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Here, the first and third inmate attacks took place four months apart. Although plaintiff was attacked by inmates, he alleges no facts demonstrating that the same deputies were involved in both incidents. Rather, it appears these incidents are wholly unrelated and must be pursued in separate lawsuits. As to the third incident, plaintiff fails to identify when the incident took place, but it is wholly unrelated to the physical inmate attacks and therefore must be pursued in a separate lawsuit.

C. Substantive Claim: Failure to Protect

Pretrial detainees are protected from conditions of confinement which amount to punishment. Bell v. Wolfish, 441 U.S. 520, 535-36 (1979); Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1017-18 (9th Cir. 2010); Clouthier v. County of Contra Costa, 591 F.3d 1232, 1244 (9th Cir. 2010). While pretrial detainees' rights are protected under the Due Process Clause of the Fourteenth Amendment, the standard for claims brought under the Eighth Amendment has long been used to analyze pretrial detainees' conditions of confinement claims. Simmons, 609

1    F.3d at 1017-18; Clouthier, 591 F.3d at 1242; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir.

2    1998).  Thus, the Eighth Amendment standard applies whether plaintiff was a pretrial detainee or

3    a convicted prisoner.[3]

4          The Eighth Amendment's prohibition against cruel and unusual punishment protects

5    prisoners not only from inhumane methods of punishment but also from inhumane conditions of

6    confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v.

7    Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981))

8    (quotation marks omitted).  While conditions of confinement may be, and often are, restrictive

9    and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465

10   F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted).  Thus, conditions which

11   are devoid of legitimate penological purpose or contrary to evolving standards of decency that

12   mark the progress of a maturing society violate the Eighth Amendment.  Morgan, 465 F.3d at

13   1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes,

14   452 U.S. at 346.

15         Prison officials have a duty to ensure that prisoners are provided adequate shelter, food,

16   clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th

17   Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains

18   while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks

19   omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials

20   were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer,

21   511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels,

22   554 F.3d 807, 812-14 (9th Cir. 2009).

23         Here, plaintiff fails to allege sufficient facts to demonstrate that each defendant deputy

24   was deliberately indifferent to a substantial risk of harm to plaintiff's safety.  Plaintiff fails to link

25   each defendant deputy to actions or omissions that suggest each possessed the requisite subjective

---

[3] On January 15, 2014, a Shasta County jury found plaintiff guilty of elder abuse, assault with a deadly weapon, making criminal threats, exhibiting a deadly weapon, and attempting to dissuade a victim or witness.  People v. Fruits, 247 Cal. App. 4th 188, 198, 202 Cal. Rptr. 3d 8, 17 (2016), review denied (Aug. 10, 2016).

intent that plaintiff's safety was at risk.  Because deliberate indifference is a high standard, a defendant may be held liable only if the defendant knew plaintiff faced a substantial risk of harm and disregarded that risk by failing to take reasonable measures to prevent or stop it.  Farmer, 511 U.S. at 837-45.  Mere negligence on the part of a defendant is not sufficient to establish liability; rather, the conduct must have been wanton.  Farmer, 511 U.S. at 835; Frost, 152 F.3d at 1128.  In other words, plaintiff fails to allege facts demonstrating that each defendant was aware that plaintiff would be attacked by other inmates, and, despite such awareness, failed to prevent or protect plaintiff from the attack.  For example, plaintiff does not identify which John Doe defendant was responsible for housing plaintiff in the situation where plaintiff was attacked, and how such defendant allegedly knew plaintiff was at risk of attack by other inmates.  Indeed, plaintiff believes that each defendant "are in some way responsible for plaintiff's injuries."  (ECF No. 15 at 9.)  Such vague allegation is insufficient to evidence "deliberate indifference."

Thus, as currently pled, plaintiff fails to state cognizable failure to protect claims against the defendants.

  D.  Administrative Exhaustion

Plaintiff also failed to complete the administrative remedies section of his amended complaint.  (ECF No. 15 at 3.)  In his original complaint, plaintiff marked the "Exhaustion of Administrative Remedies" section as "N/A" or not applicable.  (ECF No. 1 at 1-2.)

The Prison Reform Litigation Act of 1995 ("PLRA") enacted 42 U.S.C. § 1997e(a), provides, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  Id.  The requirement is mandatory.  Booth v. Churner, 532 U.S. 731, 741 (2001).  Plaintiff was a prisoner as defined under 28 U.S.C. § 1915(h) because he was detained in the Shasta County Jail and accused of a violation of criminal law.  Id.  In order to exhaust administrative remedies at the Shasta County Jail, an inmate must proceed through the levels of review required by the County Jail.  See Wimberly v. County of Sacramento, 2008 WL 5234729, *1 (E.D. Cal. Dec. 16, 2008).

////

Therefore, in any second amended complaint, plaintiff shall address whether he exhausted his administrative remedies.

IV. <u>Leave to Amend</u>

The court finds the allegations in plaintiff's amended complaint so vague and conclusory that it is unable to determine whether the current action is frivolous or fails to state a claim for relief. Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Cmty. Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which defendants engaged in that support plaintiff's claim. <u>Id.</u> Because plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8(a)(2), the amended complaint must be dismissed. In an abundance of caution, the court will, however, grant leave to file a second amended complaint.

As plaintiff was previously advised, he should only raise the allegations from the 2013 incident in any second amended complaint. Plaintiff shall pursue his claims from the second (2014) and third incidents in other, separate actions. Failure to comply with this order will result in a recommendation that this action be dismissed. The Clerk of the Court is directed to send plaintiff three civil rights forms.

If plaintiff chooses to amend again, he must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. <u>Rizzo</u>, 423 U.S. at 371. Also, the second amended complaint must allege in specific terms how each named defendant is involved. <u>Id.</u> There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Duffy</u>, 588 F.2d at 743. Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey</u>, 673 F.2d at 268.

In an amended complaint, plaintiff may join multiple claims <u>only</u> if they are all against a single defendant. Fed. R. Civ. P. 18(a).

////

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his pleading and give plaintiff an opportunity to cure them. See Lopez v. Smith, 203 F.3d at 1130-31. While detailed factual allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. at 678 (2009) (citing Twombly, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Ashcroft, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

Any second amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

By signing the second amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

Finally, plaintiff is cautioned that failure to comply with this court's order may result in the imposition of sanctions, including a recommendation that the action be dismissed. Fed. R. Civ. P. 41.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed.

////

8

2. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original and one copy of the Second Amended Complaint.

Plaintiff's second amended complaint shall comply with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice.  The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

Failure to file a second amended complaint in accordance with this order may result in the dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff <u>three</u> prisoner civil rights complaint forms.

Dated: November 22, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/frui1204.14b

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. FRUITS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SHASTA COUNTY SHERIFF, et al.,<br><br>　　　　Defendants. | No. 2:16-cv-1204 MCE KJN P<br><br><br>NOTICE OF AMENDMENT |

　　　Plaintiff hereby submits the following document in compliance with the court's order filed_____.

　　　_____　　　Second Amended Complaint
DATED:

　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　Plaintiff