UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN P. FRUITS, | No. 2:16-cv-1204 MCE KJN P |
| Plaintiff, | |
| v. | ORDER |
| SHASTA COUNTY SHERIFF, et al., | |
| Defendants. | |

I. Introduction

Plaintiff is a state prisoner, and former Shasta County Jail inmate, proceeding without counsel and in forma pauperis. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1). On November 22, 2016, plaintiff's amended complaint was dismissed, and he was ordered to file a second amended complaint. Plaintiff subsequently filed the Notice of Amendment form, but as discussed below, the undersigned disregards the filing as improperly filed and grants plaintiff leave to file a second amended complaint that complies with this court's order.

II. Plaintiff's "Amendment"

In the prior order, plaintiff was informed that because he does not know the identity of any of the deputies, his pleading must make clear the date and actions of each deputy to facilitate the discovery of the appropriate deputy's identity. For example, plaintiff could identify the first deputy

as: "Plaintiff made contact with 'John Doe 1,' the deputy supervising the module on [date] . . . ."
(ECF No. 16 at 3 n.1.)

On December 22, 2016, plaintiff filed the notice of amendment form;[1] however, the appended pages do not comply with the form of pleadings required under Rule 10 of the Federal Rules of Civil Procedure. For example, plaintiff did not include a caption; even if the court presumed the "Notice of Amendment" form was the caption, the caption does not set forth the John Doe defendants, and does not bear the title "Second Amendment Complaint." Fed. R. Civ. P. 10(a). Moreover, the pages included by plaintiff do not include even the bare factual allegations included in his prior pleadings, not even the date of the alleged incident. Rather, plaintiff includes case citations and arguments concerning his claims. (ECF No. 17 at 2-3.)

Plaintiff does not need to include any legal authority or argument in his pleading; instead, he must set forth specific factual allegations identifying what the named defendant did or did not do that allegedly violated plaintiff's constitutional rights. Even if plaintiff does not know the name of the individual, he must identify the John Doe in such a way that the John Doe can be identified for purposes of service of process. Even if plaintiff does not recall the exact date of the alleged incident, he must provide as many details as possible to assist in identifying the John Doe. For example, he previously indicated that he suffered two different assaults: one in October of 2013, and the other in 2014. Such dates may be sufficient to ascertain the identity of the John Doe defendants working at the Shasta County Jail (but also may not be sufficient absent more precise dates). Plaintiff is reminded that "[a] plaintiff must allege facts, not simply conclusions, that show that an individual was personally involved in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). Plaintiff must include sufficient facts to demonstrate he states a cognizable civil rights claim against each John Doe.

In addition, plaintiff attempts to revisit the court's ruling that the two incidents are unrelated and must be pled in separate actions. Plaintiff argues that because all of the civil rights

---

[1] Plaintiff also appended a copy of the court's order. (ECF No. 17 at 8-10.) Plaintiff is advised that the court retains all orders in the court record; therefore, he is not required to provide copies of court orders.

violations fall under the same constitutional violation, he may bring them in the same action, even though they occurred on separate days. (ECF No. 17 at 5.) Plaintiff is mistaken. As he was previously informed:

> Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Unrelated claims against different defendants must be pursued in multiple lawsuits.
>
> The controlling principle appears in Fed. R. Civ. P. 18(a):
>
>> 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).
>
> George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

(ECF No. 16 at 4.) Because plaintiff is unaware of the defendants' names and also appears unaware of their particular actions, it is unclear whether he can allege facts demonstrating that the two assaults are related or involved the same defendant or defendants. Plaintiff alleges no facts demonstrating that any defendant was aware of any prior assault, or that any of the defendants were deliberately indifferent to a risk of serious harm that was objectively unreasonable.

Because of these shortcomings, the undersigned declines to construe plaintiff's "notice of amendment" as a second amended complaint. However, the court will grant plaintiff another opportunity to file a second amended complaint that complies with the court's orders. In addition, the court will order the Clerk of Court to provide plaintiff with copies of his prior pleadings to assist him in accumulating as many factual allegations as possible into his second amended complaint to assist in identifying the Doe defendants. Plaintiff is required to file his

3

second amended complaint on the form complaint provided with this order.

III. Doe Defendants

Plaintiff alleges that he is ignorant of the true names of the defendants, but will amend the complaint once he discovers their true names. Plaintiff claims he will state in the summons: "To the Person Served": You are hereby served in the within action as the person sued under the fictitious name of "Does 1 - 5." (ECF No. 17 at 4.) Plaintiff relies on California case law from 1941 and 1955. (ECF No. 17 at 4.)

However, in federal court, "[a]s a general rule, the use of 'John Doe' to identify a defendant is not favored." Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). "Absent a name, the court is unable to order service of process on the individual." Mosley v. Broyles, 2013 WL 593716, at *2 n.1 (E.D. Cal. Feb. 14, 2013); Gibson v. Sacramento Cty. Jail, 2013 WL 460435, at *2 (E.D. Cal. Feb. 5, 2013). John Doe defendants cannot be served by the United States Marshal until plaintiff has sufficiently identified them to enable service of process and he has been allowed to substitute names for Doe defendants.

Plaintiff claims that he must discover the identities of the Doe defendants through discovery because the Doe defendants "may have committed their acts in multiple locations and at multiple times." (ECF No. 17 at 5.) The Ninth Circuit has held that where a defendant's identity is unknown prior to the filing of a complaint, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover the identities or that the complaint would be dismissed on other grounds. Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citing Gillespie, 629 F.2d at 642). However, discovery requests can be propounded only upon parties to a lawsuit; unless plaintiff can identify a defendant for service of process, plaintiff cannot serve interrogatories or file a request for production of documents on a nonparty.

Plaintiff alleges he was in no condition to try and obtain the defendants' identities at the time because of the severe beatings he took, and thus chooses "not to speculate, or to try to state facts from memory," but will "use facts obtained through discovery to make factual statements in this action, as to the true names of the defendants." (ECF No. 17.) However, a plaintiff may not

4

attribute liability to a group of defendants, but must "set forth specific facts as to each individual defendant's deliberate indifference." Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); see also Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). In other words, plaintiff must put prospective defendants on notice of their alleged actions or omissions that plaintiff claims violated his federal rights.

Plaintiff is granted leave to file a second amended complaint that identifies each Doe defendant sufficiently so that his or her identity can be obtained through discovery. Plaintiff must either name the involved defendant, or provide sufficient information about the Doe to enable his or her identity to be revealed. Plaintiff must identify the Doe as best as possible, and allege specific acts that these Doe defendants did, such as "John Doe 1 did X" and "John Doe 2 and 3 did Y." For example, plaintiff could allege that "in [month and year], John Doe 1 was in charge of the module yet allowed a group of inmates to congregate, which put plaintiff at risk of serious harm because plaintiff was housed in the segregation unit to protect him from further harm."

IV. Failure to Protect Standards

In August of 2016, the Ninth Circuit revised the standards governing failure to protect claims brought by pretrial detainees. Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. Aug. 15, 2016). Therefore, plaintiff is provided the governing standards below.

Officials have a duty "to take reasonable measures to guarantee the safety" of those in their care, which has been interpreted to include a duty to provide for their protection. Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (2013) (citing Farmer v. Brennan, 511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)). To establish a violation of this duty, a plaintiff must "show that the prison officials acted with deliberate indifference." Castro, 833 F.3d at 1068. A civil detainee need only show that a prison official purposely or knowingly subjected him to a risk of serious harm that was objectively unreasonable and need not show the defendant's subjective state of mind. Castro, 833 F.3d 1060, 1069-70 (citing Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472-73 (2015)).

The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim against an individual officer are as follows:

5

(1) The defendant made an intentional decision with respect to the conditions under which the plaintiff was confined;

(2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

(3) The defendant did not take reasonable available measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree of risk involved -- making the consequences of the defendant's conduct obvious; and

(4) By not taking such measures, the defendant caused the plaintiff's injuries. Castro, at 1071. "With respect to the third element, the defendant's conduct must be objectively unreasonable, a test that will necessarily 'turn[ ] on the "facts and circumstances of each particular case."'" Castro, at 1071 (quoting Kingsley, 135 S. Ct. at 2473) (quoting Graham v. Connor, 490 U.S. 386, 396 (1989)).

## V. Negligence or Municipal Entity Liability

In his recent filing, plaintiff briefly discusses policy, citing Monell,[2] and an alleged "failure to train," citing City of Canton v. Harris, 489 U.S. 378 (1989), but does so in the context of negligence. (ECF No. 17 at 3.)

### Municipal Entity Liability

First, plaintiff's vague references to Monell and "failure to train" are insufficient to demonstrate municipal entity liability. Therefore, the court provides plaintiff the following standards

"Section 1983 imposes two essential proof requirements upon a claimant: (1) that a person acting under color of state law committed the conduct at issue, and (2) that the conduct deprived the claimant of some right, privilege, or immunity protected by the Constitution or laws of the United States." Leer, 844 F.2d at 632-33. "Section 1983 'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'" Albright v. Oliver, 510 U.S. 266, 271 (1994) (quoting Baker v. McCollan, 443 U.S.

---

[2] Monell v. Department of Social Servs., 436 U.S. 658, 691 (1978) (local governments are "persons" under section 1983 subject to liability for damages where "action pursuant to official municipal policy of some nature cause[s] a constitutional tort.")

137, 144, n.3 (1979)). Section 1983 and other federal civil rights statutes address liability "in favor of persons who are deprived of 'rights, privileges, or immunities secured' to them by the Constitution." Carey v. Piphus, 435 U.S. 247, 253 (1978) (quoting Imbler v. Pachtman, 424 U.S. 409, 417 (1976)). "The first inquiry in any § 1983 suit, therefore, is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" Baker, 443 U.S. at 140. Stated differently, the first step in a section 1983 claim is to identify the specific constitutional right allegedly infringed. Albright, 510 U.S. at 271. "Section 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law." Baker, 443 U.S. at 146.

A municipality or local governmental entity is liable under Section 1983 when "action pursuant to official municipal policy of some nature causes a constitutional tort." Monell, 436 at 691; see also City of Canton, 489 U.S. at 389. A municipality or local governmental body may also "be liable if it has a policy of inaction and such inaction amounts to a failure to protect constitutional rights." Oviatt v. Pearce, 954 F.2d 1470, 1473-74 (9th Cir. 1992) (citing City of Canton, 489 U.S. at 388.) "[M]unicipal liability under § 1983 attaches where -- and only where --a deliberate choice to follow a course of action is made from among various alternatives by the official or officials responsible for establishing final policy with respect to the subject matter in question." Pembaur v. City of Cincinnati, 475 U.S. 469, 483 (1986). A plaintiff must prove widespread, systematic constitutional violations which have become the force of law. Bd. of Cty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 404 (1997).

In addition, to state a claim for municipal liability under § 1983, "a plaintiff must show 'a direct causal link between a municipal policy or custom and the alleged constitutional deprivation.'" Mendiola-Martinez v. Arpaio, 836 F.3d 1239, 1247 (9th Cir. 2016) (quoting Castro, 833 F.3d at 1075. As the Supreme Court emphasized in Monell, "the touchstone of the § 1983 action against a government body is an allegation that *official policy* is responsible for a deprivation of rights protected by the Constitution." Monell, 436 U.S. at 690-91 (emphasis added). Absent an official policy, a municipality or local government unit cannot be liable for the malfeasance of its employees and cannot be held liable on a respondeat superior theory. Id. at

691 ("[A] municipality cannot be held liable under § 1983 on a respondeat superior theory").

Where a plaintiff claims a municipality violates federal law by its inaction, such as through the failure to protect from a third party's violence and/or failure to supervise an employee, in addition to satisfying the three elements listed above, the plaintiff must also demonstrate that the custom or policy was adhered to with an objectively "deliberate indifference to the constitutional rights" of the plaintiff. City of Canton, 489 U.S. at 392; Castro, 833 F.3d at 1076 ("The Supreme Court has strongly suggested that the deliberate indifference standard for municipalities is always an objective inquiry.") Dougherty v. City of Covina, 654 F.3d 892, 900 (9th Cir. 2011) (The elements of a municipal liability claim premised on inaction are "(1) that [the plaintiff] possessed a constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional right; and, (4) that the policy is the moving force behind the constitutional violation.") (citations omitted).

Furthermore, in the context of a failure to train claim, the Supreme Court has found that to show deliberate indifference the municipal actor must disregard a known or obvious consequence of his action, which ordinarily requires that there be a pattern of similar constitutional violations by untrained employees. Connick v. Thompson, 563 U.S. 51, 61-62 (2011). However, "in a narrow range of circumstances, a pattern of similar violations might not be necessary to show deliberate indifference." Connick, 563 U.S. at 63 (citation and quotation marks omitted).

Since Ashcroft v. Iqbal, 556 U.S. at 678 (2009), courts have rejected conclusory Monell allegations that lack factual content from which one could plausibly infer Monell liability. See e.g., Rodriguez v. City of Modesto, 535 Fed. Appx. 643, 646 (9th Cir. 2013) (unpublished) (affirming district court's dismissal of Monell claim based only on conclusory allegations and lacking factual support); Via v. City of Fairfield, 833 F.Supp.2d 1189, 1196 (E.D. Cal. 2011) (collecting cases). For example, in AE ex rel. Hernandez v. Cnty of Tulare, 666 F.3d 631, 637 (9th Cir. 2012), the Ninth Circuit held that pleadings in a case involving Monell claims are subject to the standard set forth in Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011). In Starr, the Ninth Circuit held that allegations in a complaint cannot simply recite the elements of a cause of

action, "but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." Starr, 652 F.3d at 1216. The allegations must also plausibly suggest an entitlement to relief, "such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Id.

Negligence

Second, it is unclear whether plaintiff is attempting to raise a state law negligence claim.

The Court may exercise supplemental jurisdiction over state law claims in any civil action in which it has original jurisdiction if the state law claims form part of the same case or controversy. 28 U.S.C. § 1367(a). "The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has cautioned that "if the federal claims are dismissed before trial . . . the state claims should be dismissed as well." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Furthermore, to bring a tort claim under California law, a plaintiff must allege compliance with the California Government Claims Act ("CGCA"). Under the CGCA, a plaintiff may not maintain an action for damages against a public employee unless he or she has presented a written claim to the state Victim Compensation and Government Claims Board ("VCGCB") within six months of accrual of the action. Cal. Govt. Code §§ 905, 911.2(a), 945.4 & 950.2; see also, Klein v. City of Laguna Beach, 533 Fed. Appx. 772, 774 (9th Cir. 2013) (dismissing claims for failure to comply with the California Government Claims Act). Failure to demonstrate such compliance constitutes a failure to state a cause of action and will result in the dismissal of state law claims. State of California v. Superior Court (Bodde), 32 Cal. 4th 1234, 1240 (2004).

Here, plaintiff's recent filing does not reference this tort claim requirement and presents no facts suggesting such requirement was met. Therefore, to the extent plaintiff raises state law claims for negligence, such claims must be dismissed for failure to state a claim. However, plaintiff is granted leave to amend to allege facts showing that he has satisfied the claims-presentation requirement. See Mohsin v. Cal. Dep't of Water Res., 52 F. Supp. 3d 1006, 1018 (E.D. Cal. 2014) (dismissing state-law claims with leave to amend when plaintiff's complaint

9

"ma[de] no reference" to claims-presentation requirement and "present[ed] no facts to indicate that the requirement was met").

VI. <u>Leave to Amend</u>

Because plaintiff's "amendment" does not constitute a second amended complaint, the court will grant plaintiff an additional sixty days in which file a second amended complaint that complies with this court's orders, including identifying one defendant by name, and identifying specific John Does by setting forth what each Doe defendant did or did not do that constitutes a constitutional violation. Plaintiff is cautioned that failure to comply with these courts orders will result in a recommendation that this action be dismissed based on plaintiff's continued failures to comply with court orders. Fed. R. Civ. P. 41(b); <u>see</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

Plaintiff is required to file his second amended complaint on the form provided by the Clerk of Court. Failure to comply with this order will result in a recommendation that this action be dismissed. The Clerk of the Court is directed to send plaintiff the civil rights complaint form.

If plaintiff chooses to amend again, he must set forth specific factual allegations demonstrating how each defendant violated plaintiff's constitutional rights. Also, the second amended complaint must allege in specific terms how each named defendant is involved. <u>Id.</u> There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. <u>Id.</u>; <u>May v. Enomoto</u>, 633 F.2d 164, 167 (9th Cir. 1980); <u>Johnson v. Duffy</u>, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. <u>Ivey v. Bd. of Regents</u>, 673 F.2d 266, 268 (9th Cir. 1982).

In any amended complaint, plaintiff may join multiple claims only if they are all against a single defendant. Fed. R. Civ. P. 18(a).

A district court must construe a pro se pleading "liberally" to determine if it states a claim and, prior to dismissal, tell a plaintiff of deficiencies in his pleading and give plaintiff an opportunity to cure them. See <u>Lopez v. Smith</u>, 203 F.3d at 1130-31. While detailed factual

allegations are not required, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (2009) (citing Twombly, 550 U.S. at 555). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

Iqbal, 556 U.S. at 678 (citations and quotation marks omitted). Although legal conclusions can provide the framework of a complaint, they must be supported by factual allegations, and are not entitled to the assumption of truth. Id. at 1950.

Any second amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; see Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading is superseded.

Finally, plaintiff is cautioned that failure to comply with this court's order may result in the imposition of sanctions, including a recommendation that the action be dismissed. Fed. R. Civ. P. 41.

VII. Conclusion

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's "amendment" is disregarded as improperly filed.

2. Plaintiff is granted sixty days from the date of this order in which to file a second amended complaint on the civil rights complaint form provided by the Clerk of Court; Plaintiff's second amended complaint shall comply with the requirements of this order, the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The second amended complaint must also bear the docket number assigned to this case and must be labeled "Second Amended Complaint."

11

Failure to file a second amended complaint on the court's form and in accordance with this court's orders will result in the dismissal of this action.

3. The Clerk of the Court is directed to send plaintiff a prisoner civil rights complaint form, and copies of his prior pleadings (ECF No. 1, pages 1-8, & ECF No. 15, pages 1-9).

Dated: June 19, 2017

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/cw/frui1204.14c