1

2

3

4

5

6

7

8                           UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN P. FRUITS,                              No. 2:16-cv-1204 MCE KJN P

12                    Plaintiff,

13            v.                                   ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14    SHASTA COUNTY SHERIFF, et al.,

15                    Defendants.

16

17    I.  Introduction

18            Plaintiff is a former pretrial detainee, now a state prisoner, proceeding without counsel.

19    Plaintiff's second amended complaint is before the court.

20    II.  Screening

21            The court is required to screen complaints brought by prisoners seeking relief against a

22    governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23    court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24    "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25    monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2).

26    III.  Second Amended Complaint

27            Plaintiff's second amended complaint is again difficult to parse, because he has cobbled

28    together a prior pleading (ECF No. 1 at 5-7; 15 at 5-7), without interlineating the appropriate Doe

1

identifiers, and then simply added pages attempting to explain what each Doe defendant did, without including dates or other time frames to connect the two partial pleadings.

Initially, plaintiff alleges that "the defendant" "failed to protect the plaintiff." (ECF No. 19 at 4.) He contends that sheriff's deputies violated plaintiff's rights "by not following proper procedure, which is the cause of the action of 'deliberate indifference.'" (Id.) Plaintiff claims defendants acted "intentional[ly] and or negligently." (Id.) Plaintiff reiterates the claims he alleged in his first complaint: three incidents (two in 2013 and one in 2014), where he was beaten up by inmates and deputies refused to take plaintiff to medical; and one incident (undated) where a deputy allegedly allowed other inmates to throw feces on plaintiff.

Plaintiff now attempts to further identify the Doe defendants, as follows:

Doe #1: Plaintiff alleges that after he was beaten unconscious by two inmates, he contacted Doe #1 who allegedly stated, "go back to your cell you look ok to me." (ECF No. 19 at 8.) Plaintiff insisted he was injured and needed to go to the hospital, but Doe #1 refused. Plaintiff alleges Doe #1 was "negligent by failing to provide medical treatment for the plaintiff." (Id.) This incident appears to have occurred in October of 2013. (ECF No. 19 at 5.)

Doe #2: Plaintiff alleges that after he was moved to another cell, Doe #2, who was aware of the prior beating incident, allowed inmates to enter plaintiff's cell and they dragged plaintiff off his bunk, slammed him into the concrete floor, where he was stomped and kicked into unconsciousness. Once plaintiff came to, he asked Doe #2 why he let the inmates into plaintiff's cell when Doe #2 knew plaintiff had already been attacked, and Doe #2 responded, "I don't know what you are talking about." (ECF No. 19 at 8.) Plaintiff stated that he needed to go to medical because the MRI determined plaintiff had a concussion. (Id.) However, earlier in the pleading, plaintiff stated that after this incident he was taken to the hospital, where he received an MRI. (ECF No. 19 at 6.) Plaintiff alleges that Doe #2 committed an intentional act by failing to protect plaintiff from further injuries. (ECF No. 19 at 8.) This incident appears to have occurred the day after the first incident in October of 2013. (ECF No. 19 at 5.)

Doe #3: On some unidentified date, plaintiff was placed in protective custody, and after plaintiff had used the shower, inmates were allowed to throw feces on plaintiff, so plaintiff

2

jumped on the table to get out of their reach. Doe #3 told plaintiff to "get back in front of the cells," and "return to [your] cell." (ECF No. 19 at 9.) Doe #3 let the other inmates out of their cells, and they threw feces under plaintiff's cell door. After hours passed, Doe #3 moved plaintiff to another cell, but plaintiff was still covered in feces and not allowed to clean it off. Plaintiff alleges Doe #3 was "negligent" and caused damage to plaintiff. (Id.)

Doe #4: While housed in protective custody, Doe #4 moved an inmate into plaintiff's cell. The inmate beat plaintiff into unconsciousness, resulting in plaintiff's third concussion, broken nose, and a compound fracture. Plaintiff pleaded with Doe #4 to take plaintiff to medical, but Doe #4 refused. Plaintiff was unable to breathe and was dizzy. Plaintiff alleges Doe #4 "was negligent in his actions." (ECF No. 19 at 9.) It appears this incident occurred in February of 2014. (ECF No. 19 at 6.)

Doe #5: Plaintiff alleges that the shift supervisor was negligent by his lack of supervision of plaintiff because Doe #5 "knew of the incidents that . . . transpired against the plaintiff and failed to correct the violations, he committed an act by submitting documents covering up the incidents that pertained to the plaintiff, thereby his intentional acts caused damage to the plaintiff." (ECF No. 19 at 10.)

IV. Discussion

A. Multiple, Unrelated Incidents

Plaintiff again includes allegations concerning multiple, unrelated incidents that occurred at the Shasta County Jail. Plaintiff has included no additional factual allegations to suggest that the 2013 incidents are related to the 2014 incident, or that the feces-throwing incident is related to the other incidents.

Plaintiff may not pursue unrelated claims in one lawsuit. Plaintiff may join multiple claims if they are all against a single defendant. Fed. R. Civ. P. 18(a). If plaintiff has more than one claim based upon separate transactions or occurrences, the claims must be set forth in separate paragraphs. Fed. R. Civ. P. 10(b). Unrelated claims against different defendants must be pursued in multiple lawsuits.

////

3

The controlling principle appears in Fed. R. Civ. P. 18(a): 'A party asserting a claim . . . may join, [] as independent or as alternate claims, as many claims . . . as the party has against an opposing party.' Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees-for the Prison Litigation Reform Act limits to 3 the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees. 28 U.S.C. § 1915(g).

George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007); see also Fed. R. Civ. P. 20(a)(2) (joinder of defendants not permitted unless both commonality and same transaction requirements are satisfied).

Plaintiff has identified five separate Doe deputies involved in the various incidents, yet included no factual allegations demonstrating that the incidents were related or that the same deputy was involved in all of the incidents. The first and third inmate attacks took place four months apart. As to the alleged feces-throwing incident, plaintiff fails to identify when the incident took place, but it is wholly unrelated to the physical attacks by inmates or the subsequent alleged failure to provide medical care and therefore must be pursued in a separate lawsuit.

B. Medical Claims

Plaintiff alleges defendants Does #1 and #4 failed or refused to provide plaintiff medical care.

A pre-trial detainee's claim for deliberate indifference to medical needs derives from the due process clause rather than the Eighth Amendment's protection against cruel and unusual punishment. Gibson v. County of Washoe, Nev., 290 F.3d 1175, 1187 (9th Cir. 2002) (citing Bell v. Wolfish, 441 U.S. 520, 535 (1979)). However, "the due process clause imposes, at a minimum, the same duty the Eighth Amendment imposes." Gibson, 290 F.3d at 1187. "[T]o maintain an Eighth Amendment claim based on prison medical treatment, an inmate must show deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). This requires plaintiff to show (1) "a serious medical need by demonstrating that failure to treat a prisoner's condition could result in

4

1  further significant injury or the unnecessary and wanton infliction of pain," and (2) "the

2  defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096 (quoting

3  McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), overruled on other grounds, WMX

4  Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997)).

5      In connection with his claim that Doe #1 was negligent in failing to provide medical care

6  for plaintiff, he fails to state a cognizable claim.  Plaintiff failed to allege facts supporting all of

7  the elements required under Farmer, and expressly states Doe #1 was negligent.  Plaintiff fails to

8  state a claim against defendant Doe #1.

9      As to Doe #4, plaintiff now alleges that defendant Doe #4 refused to take plaintiff to

10  medical.  However, in his original complaint, plaintiff declared that following the attack in

11  February of 2014, where he sustained a concussion and a broken nose, he informed the deputy

12  that he needed medical help, and plaintiff was taken to the facility doctor.  (ECF No. 1 at 6.)

13  Plaintiff alleged that the doctor informed plaintiff that the doctor was not going to provide any

14  assistance for plaintiff's broken nose.  Plaintiff told the doctor that he was unable to breathe

15  through his nose and needed to be taken to the hospital, but the doctor refused plaintiff's request.

16  (ECF No. 1 at 6.)  Plaintiff may not now change his allegations in contravention to allegations

17  previously pled under penalty of perjury.  Moreover, it appears that plaintiff had a difference of

18  opinion as to the medical care he should have received, but a mere difference of opinion fails to

19  rise to the level of a civil rights violation.  (See also ECF No. 12 at 8.)

20      Accordingly, plaintiff's claims as to Does #1 and #4 should be dismissed.

21      C.  Failure to Protect

22      Plaintiff alleges that Doe #2 failed to protect plaintiff.

23      In August of 2016, the Ninth Circuit revised the standards governing failure to protect

24  claims brought by pretrial detainees.  Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir.

25  Aug. 15, 2016).  Officials have a duty "to take reasonable measures to guarantee the safety" of

26  those in their care, which has been interpreted to include a duty to provide for their protection.

27  Labatad v. Corrections Corp. of America, 714 F.3d 1155, 1160 (2013) (citing Farmer v. Brennan,

28  511 U.S. 825, 832-33 (1994); Hearns v. Terhune, 413 F.3d 1036, 1040 (9th Cir. 2005)).  To

1  establish a violation of this duty, a plaintiff must "show that the prison officials acted with

2  deliberate indifference." Castro, 833 F.3d at 1068. A civil detainee need only show that a prison

3  official purposely or knowingly subjected him to a risk of serious harm that was objectively

4  unreasonable and need not show the defendant's subjective state of mind. Castro, 833 F.3d 1060,

5  1069-70 (citing Kingsley v. Hendrickson, 135 S. Ct. 2466, 2472-73 (2015)).

6        The elements of a pretrial detainee's Fourteenth Amendment failure-to-protect claim

7  against an individual officer are as follows:

8       (1) The defendant made an intentional decision with respect to the conditions under

9  which the plaintiff was confined;

10       (2) Those conditions put the plaintiff at substantial risk of suffering serious harm;

11       (3) The defendant did not take reasonable available measures to abate that risk, even

12  though a reasonable officer in the circumstances would have appreciated the high degree of risk

13  involved -- making the consequences of the defendant's conduct obvious; and

14       (4) By not taking such measures, the defendant caused the plaintiff's injuries. Castro, at

15  1071. "With respect to the third element, the defendant's conduct must be objectively

16  unreasonable, a test that will necessarily 'turn[ ] on the "facts and circumstances of each

17  particular case."'" Castro, at 1071 (quoting Kingsley, 135 S. Ct. at 2473) (quoting Graham v.

18  Connor, 490 U.S. 386, 396 (1989)).

19       Here, plaintiff claims defendant Doe #2 was aware of the prior beating incident. Liberally

20  construing plaintiff's allegations, allowing five inmates to enter plaintiff's cell one day after

21  plaintiff was beaten by his cellmate, put plaintiff at substantial risk of suffering serious harm.

22  Plaintiff states a potentially cognizable claim as to Doe #2.

23       D. Vague and Conclusory

24       Plaintiff alleges that Doe #5 knew about the alleged incidents yet "failed to correct the

25  violations," and allegedly submitted documents attempting to cover up the incidents. (ECF No.

26  19 at 10.) Plaintiff's claims as to defendant Doe #5 are too vague and conclusory to state a

27  cognizable civil rights claim. Plaintiff's claims against defendant Doe #5 should also be

28  dismissed.

1    V.  Service of Process

2          Although the use of a Doe defendant designation is acceptable to withstand dismissal of a

3    complaint at the initial review stage, using a Doe defendant designation creates its own problem:

4    that person cannot be served with process until he or she is identified by his or her real name.

5    The burden remains on the plaintiff to identify the defendant; the court will not undertake to

6    investigate the name and identity of an unnamed defendant.  See Fed R. Civ. P. 4(m); Walker v.

7    Sumner, 14 F.3d 1415, 1421-22 (9th Cir. 1994) (prisoner failed to show good cause why his

8    claims against prison official should not be dismissed under Rule 4(m) where prisoner failed to

9    show that he provided marshal with sufficient information to serve defendant), abrogated in part

10   on other grounds, Sandin v. Connor, 515 U.S. 472 (1995); AF Holdings LLC v. Does 1-135, 2012

11   WL 1038671, *3 (N.D. Cal. Mar. 27, 2012) (court may dismiss Doe defendants who are not

12   identified and served within 120 days after the case is filed pursuant to Fed. R. Civ. P. 4(m)).

13         Plaintiff is required to provide the appropriate forms for service of process, including the

14   name and address of defendant Doe #2.  Plaintiff is cautioned that failure to provide the true name

15   of defendant Doe #2 will result in a recommendation that this action be dismissed.

16   VI.  Conclusion

17         The court has reviewed plaintiff's second amended complaint and, for the limited

18   purposes of § 1915A screening, finds that it states a potentially cognizable claim against

19   defendant Doe #2.  See 28 U.S.C. § 1915A.

20         For the reasons set forth above, plaintiff's remaining claims against the remaining Doe

21   defendants must be dismissed without prejudice.  Plaintiff's claim against defendant Doe #3 is

22   unrelated to plaintiff's claim against Doe #2.  In addition, plaintiff has been provided multiple

23   opportunities to allege facts stating cognizable claims against the remaining Doe defendants.

24   (ECF Nos. 12, 16, & 18.)  Thus, the undersigned finds that any further attempted amendments

25   would be futile.

26         Accordingly, IT IS HEREBY ORDERED that:

27         1.  The allegations in the pleading are sufficient at least to state potentially cognizable

28   claims against defendant Doe #2.  See 28 U.S.C. § 1915A.  With this order the Clerk of the Court

shall provide to plaintiff a blank summons, a copy of the pleading filed August 21, 2017 (ECF No. 19), one USM-285 form, and instructions for service of process on defendant Doe #2.

2. Within thirty days of service of this order plaintiff shall return the attached Notice of Submission of Documents with the completed summons, the completed USM-285 form, and two copies of the endorsed second amended complaint filed August 21, 2017. Plaintiff must provide the true name of defendant Doe #2, as well as the address for service of process on defendant Doe #2.

3. The court will transmit them to the United States Marshal for service of process pursuant to Fed. R. Civ. P. 4. Defendant will be required to respond to plaintiff's allegations within the deadlines stated in Fed. R. Civ. P. 12(a)(1).

4. Failure to comply with this order will result in a recommendation that this action be dismissed.

Further, IT IS RECOMMENDED that defendants Does 1, 3, 4, and 5 be dismissed from this action without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 30, 2017

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/frui1204.56

8

1

2

3

4

5

6

7

8                    UNITED STATES DISTRICT COURT

9               FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    JOHN P. FRUITS,                        No. 2:16-cv-1204 MCE KJN P

12              Plaintiff,

13         v.                                NOTICE OF SUBMISSION OF
                                             DOCUMENTS
14    SHASTA COUNTY SHERIFF, et al.,

15              Defendants.

16

17         Plaintiff hereby submits the following documents in compliance with the court's order

18    filed _____ :

19         ____         completed summons form

20         ____         completed USM-285 form, including true name of Doe #2

21         ____         copies of the _____
                                Second Amended Complaint
22

23    DATED:

24

25                                           _____
                                             Plaintiff
26

27

28

                                            1